ACCEPTED
03-14-00812-CV
8400384
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/29/2015 5:31:02 PM
JEFFREY D. KYLE
CLERK

CAUSE NO. 03-14-00812-CV

IN THE COURT OF APPEALS
FOR THE
3RD JUDICIAL DISTRICT OF TEXAS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/29/2015 5:31:02 PM
JEFFREY D. KYLE
Clerk

---

BOBBIE WHITE,
Appellant,

VS.

JOSEFINO BENCOMO III,
Appellee

---

**MOTION FOR DISMISSAL OF APPEAL DUE TO SETTLEMENT**

From the District Court, 26th Judicial District
of Williamson County, Texas
Trial Court Cause No. 14-0374-C26,
The Honorable Donna King, Judge

---

*/s/ Tony Pitts*

_____

Tony Pitts
State Bar No. 24060429

Law Office of Tony A. Pitts
P.O. Box 5369
Round Rock, TX 78683
512.825.5545
512.244.4355 (Fax)
tapitts@taplawfirm.com

ATTORNEY FOR APPELLANT

1

**I.**

The Parties have reached a settlement agreement, attached hereto as Exhibit "A," as part of which they have agreed to dismissal of this appeal without adjudication by the Court.

**II.**

**WHEREFORE, PREMISES CONSIDERED,** Appellant respectfully requests that the Court dismiss this appeal in accordance with the settlement agreement of the Parties pursuant to T.R.A.P. 42.1(2).

Respectfully submitted,

LAW OFFICE OF TONY A. PITTS

*/s/ Tony Pitts*

By: _____

Tony Pitts
State Bar No. 24060429

P.O. Box 5369
Round Rock, TX 78683
512.825.5545
512.244.4355
tapitts@taplawfirm.com

ATTORNEY FOR APPELLANT,
BOBBIE WHITE

**CERTIFICATE OF CONFERENCE**

I hereby certify that I have conferred with Fred Walker, counsel for Appellee, concerning this motion and he is unopposed to it.

*/s/ Tony Pitts*

_____

Tony Pitts

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this Motion for Dismissal Due to Settlement was served in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure on each party, or the attorney for such party, indicated below:

Fred Walker
Fred E. Walker, P.C.
609 Castle Ridge Road, Ste. 220
Austin, TX 78746
512.330.1686 (Fax)
fred@fredwalker.com
*Attorneys for Appellee*

*/s/ Tony Pitts*

_____

Tony Pitts

# EXHIBIT A

IN THE COURT OF APPEALS
FOR THE
3RD JUDICIAL DISTRICT OF TEXAS
AUSTIN, TEXAS

---

**BOBBIE WHITE,**
Appellant,
VS.
**JOSEFINO BENCOMO III,**
Appellee

---

## FULL AND FINAL SETTLEMENT AND RELEASE AGREEMENT

### A.
### DEFINITIONS

1. Bobbie White is Appellant in the above-entitled and numbered cause.

2. Josephino Bencomo III is Appellee in the above-entitled and numbered cause, and is an individual and a Texas resident.

3. "Appellants" as used herein shall mean all parties identified hereinabove as Appellants and who are parties to this Agreement, and shall include any and all "Derivative Claimants" and "Entities" as defined below.

4. "Appellees" as used herein shall mean all parties identified hereinabove as Appellees and who are parties to this Agreement, and shall include any and all "Entities" as defined below.

5. "Derivative Claimants" shall mean any person or entity acting by, through, or under a Appellant (including by reason of marriage or family relationships,

any such person), or any of the Entities of a Appellant.

6. "Entities" of a party shall mean those persons and/or entities (whether now in existence or not), and which are or were formerly owned or controlled, in whole or in part, directly or indirectly, by a party to this Agreement, or any Derivative Claimant, and their respective entities, employers, employees, directors, shareholders, officers, assigns, predecessors, successors, attorneys, representatives or agent of such persons and/or entities.

7. "Lawsuit" shall mean the above-entitled and numbered cause, pertaining to Appellant's claim against Appellee alleging violation of Texas Property Code Section 5.077 and seeking to quiet title to property located at 701 Saunders Dr., Round Rock, TX 78664.

8. "Representatives" of a person or entity shall mean and include all of that person's or entity's past or present principals, agents, servants, employees, attorneys, consultants, experts, partners (both general and/or limited), equity participants, officers, directors, shareholders, parent companies, subsidiaries, affiliates, predecessors, successors, assigns, estates, beneficiaries, heirs, devisees, legatees, trustees, and personal representatives.

9. "Settlement Agreement" shall mean this Full and Final Settlement Agreement and Mutual Release by and between the parties hereto.

## B.
## CONTRACTUAL RECITALS AND
## STATEMENT OF PURPOSE

**WHEREAS**, Appellant has initiated the Lawsuit against Appellee, alleging various causes of action; and

**WHEREAS**, Appellee has denied, and continues to deny, all such allegations by Appellant, Bobbie White; and

**WHEREAS**, this Settlement Agreement, and the execution hereof, does not, and is not intended to be, construed to be, or is an admission of any fault or wrongdoing by or on behalf of Appellant or Appellee, all such claims having been expressly denied heretofore, and the parties continue to deny the same; and

**WHEREAS**, all provisions of this Settlement Agreement and Mutual Release are contractual in nature, and not mere recitals only; and

**WHEREAS**, the purpose of this Settlement Agreement is to set forth and embody a negotiated compromise, settlement, and release, as set forth herein.

**NOW THEREFORE**, in consideration of the mutual covenants and conditions herein contained, and the incorporation of the above Recitals, the parties hereto agree as follows:

## C.
## PERSONS AND ENTITIES BOUND BY THIS SETTLEMENT AGREEMENT

1. Appellant, Bobbie White understands and agrees that by execution hereof, the terms of this Settlement Agreement are binding upon Appellant and upon all representatives, successors and assigns of Appellant.

2. Appellee, Josephino Bencomo III understands and agrees that by execution hereof, the terms of this Settlement Agreement are binding upon Appellee and upon all representatives, successors and assigns of Appellee.

3. Appellant, Bobbie White, represents and warrants that Appellant has approved of all of the terms, conditions and covenants of this Settlement Agreement as

evidenced by the duly authorized signature to this Settlement Agreement.

4. Appellee, Josephino Bencomo III, represents and warrants that Appellee has approved of all of the terms, conditions and covenants of this Settlement Agreement as evidenced by the duly authorized signature to this Settlement Agreement.

### D.
### NO OUTSTANDING CLAIMS

1. Appellant Bobbie White, warrants and represents that Appellant has no awareness of the existence of any actual or potential claim, demand, suit, cause of action, charge or grievance possessed by Appellant, which is not subject to and fully released by this Settlement Agreement, except for matters as may be expressly excluded in this Settlement Agreement, that concerns or relates in any way, directly or indirectly, to the Lawsuit.

2. Appellant, Bobbie White, warrants and represents that Appellant has not assigned, authorized or transferred (in any way, whether directly or indirectly) any claims, demands, suits, causes of action, charges, or grievances of any kind or character, which Appellant had or may have had prior to and including the Effective Date against Appellee, Josephino Bencomo III. Appellant, Bobbie White, neither has nor owns any part of any actual or potential claims, demands, suits, causes of action, charges, or grievances of any kind or character against Appellee which are not subject to and released by this Settlement Agreement.

### E.

## CONSIDERATION

3. In consideration of the total sum of $1.00 (One and No/100 Dollars) and in further consideration of the "Non-Cash Inducement" described below from Appellee, the receipt and sufficiency of which is hereby acknowledged by Appellant, and in consideration of the mutual agreements, conditions, representations, warranties, recitals, covenants and statements of intention contained herein, Appellant, Bobbie White hereby accepts the above-referenced payment and Non-Cash Inducement in full settlement, compromise and release of all claims as arising out of or in connection with the Lawsuit, pursuant to this Settlement Agreement, against Appellee, Josephino Bencomo III.

### Non-Cash Inducement

a. Appellee agrees to accept a deed in lieu of foreclosure from Appellant in full satisfaction of the indebtedness of that certain Real Estate Lien Note Dated November 21, 2001 between Bobbie White and husband George White as borrowers and Josefino Bencomo III as Lender; secured with vendor's lien created in a Warranty Deed dated November 21, 2001 between Josefino Bencomo III as Grantor and Bobbie White and husband George White as Grantee; and further secured by a lien created in a Deed of Trust dated November 21, 2001 between Bobbie White and husband George White as Grantor, Larry Molinare as Trustee and Josefino Bencomo III as Beneficiary;

b. Appellee agrees to assume and pay, according to the note's terms, the

unpaid principal and earned interest on the note in the original principal sum of EIGHTY TWO THOUSAND SIX HUNDRED DOLLARS ($82,600.00) dated November 21, 2001, executed by Bobbie White and husband George White, and payable to the order of Long Beach Mortgage Company. The note is secured by an express vendor's lien and superior title retained in a deed dated November 21, 2001, recorded in Document No. 2001088424 of the real property records of Williamson County, Texas, and additionally secured by a deed of trust dated November 21, 2001 from Bobbie White and husband George White to Troy Gotschall, trustee, recorded in Document No. 2001088425 of the real property records of Williamson County, Texas. As further consideration Appellee promises to keep and perform all the covenants and obligations of the Appellant named in that deed of trust and to indemnify, defend, and hold Appellant harmless from any loss, attorney's fees, expenses, or claims attributable to a breach or default of any provision of this assumption by Appellee. Appellant assigns to Appellee any funds on deposit for payment of taxes and insurance premiums.

c. Appellant may remove such large appliances as are not affixed to the property including the refrigerator, deep freezer, stove, washer, and dryer.

d. Appellee agrees to lease the property back to Appellant for an amount *BW* equal to the current mortgage payment ~~to Chase until February 28, 2016.~~ ~~for a period of time not exceeding 4 months from the Effective Date of this Agreement.~~

e. Appellee shall satisfy in full Appellant's mortgage obligation to Chase in

BW                                                                    JB

Page | 6

order to obtain a release of Chase's mortgage lien on the Property no later than 12 months after Appellant's transfer deed is recorded in the official public records of Williamson County, Texas.

   f. Appellant will assist Appellee as BW needed to provide any information required from Chase to fulfill the terms of this Agreement.

   g. Appellant will provide Appellee the names and addresses of all of her deceased husband's children within 10 days from the execution of this agreement.

   h. Appellant will release the *Lis Pendens* currently filed against the property within ten days after the Effective Date of this Agreement.

2. Appellee shall tender such sum in the following manner: on the Effective Date of this Agreement, Appellee shall deliver a check for the total amount of the settlement sum, payable to Appellant's attorney, as Trustee.

3. Contemporaneously with the execution of this Settlement Agreement parties hereto will sign a Deed in Lieu of Foreclosure, a copy of which is attached hereto and incorporated herein for all purposes as Exhibit "A."

4. ~~Contemporaneously~~ Within 10 days of BW with the execution of this Settlement Agreement, the counsel for Appellant will file a Motion for Dismissal of the Appeal currently pending in this case.

5. Each party agrees to be solely responsible for the payment of their respective attorney's fees, court costs, expert witness fees, court reporter's fees, and all other expenses incurred on said party's behalf as a result of or in connection with the Lawsuit and/or this Settlement Agreement.

# F.
# MUTUAL RELEASE

Appellant, Bobbie White, and Appellee, Josephino Bencomo III, hereby covenant, agree and consent to the following:

1. The intent of the parties hereto is that each person or entity executing this Settlement Agreement shall, by reason of such execution, be entirely free of any and all actual or potential claims, suits, demands, causes of action, charges or grievances of any kind or character, regardless of the nature or extent of the same, arising out of the Lawsuit.

2. Appellant, Bobbie White, hereby fully and finally **RELEASES, ACQUITS, AND FOREVER DISCHARGES** Appellee, Josephino Bencomo III (any of Appellee's representatives), and Appellant further covenants not to assert in any manner against any of such persons or entities released hereby, any and all actual or potential claims held by Appellant, against Appellee, and/or any suits, demands, causes of action, charges or grievances of any kind or character whatsoever, heretofore or hereafter accruing for or because of any matter done, omitted or suffered to be done by any such party hereto prior to and including the date hereof, and in any manner (whether directly or indirectly) arising from or related to the Lawsuit.

3. Appellee, Josephino Bencomo III, hereby fully and finally **RELEASES, ACQUITS, AND FOREVER DISCHARGES** Appellant, Bobbie White (and Appellant's representatives), and Appellee further covenants not to assert in any manner against any of such persons or entities released hereby, any and

all actual or potential claims held by Appellee against Appellant and/or any suits, demands, causes of action, charges or grievances of any kind or character whatsoever, heretofore or hereafter accruing for or because of any matter done, omitted or suffered to be done by any such party hereto prior to and including the date hereof, and in any manner (whether directly or indirectly) arising from or related to the Lawsuit.

## G.
## INUREMENT

It is understood and agreed that this Settlement Agreement shall inure to the benefit of Appellant, Bobbie White and/or the representatives of Appellant. No other person or entity is intended to benefit by or be deemed a third-party beneficiary of this Settlement Agreement.

## H.
## EXPRESS DENIAL OF LIABILITIES

Appellant, Bobbie White, and Appellee, Josephino Bencomo III and/or their representatives, understand and agree that no payment made nor released pursuant to the terms of the Settlement Agreement, or other consideration given shall be intended to be, nor shall be construed to be, an admission of liability and any and all such liability is expressly denied.

## I.
## SEVERABILITY

If any one or more of the provisions of this Settlement Agreement, or the application of any such provision to any person, entity, or set of circumstances, shall be determined to be invalid, unlawful, or unenforceable to any extent at any time, the

remainder of this Settlement Agreement, and the application of such provision to persons, entities, or circumstances other than those as to which it is determined to be invalid, unlawful, or unenforceable, shall not be affected, and shall continue to be enforceable to the fullest extent permitted by law. Any invalid, unlawful, or unenforceable provision hereof shall be reformed to the extent necessary to render it valid, lawful, and enforceable in a manner consistent with the intentions of the parties hereto regarding such provision.

## J.
## ENTIRE AGREEMENT OF THE PARTIES

This Settlement Agreement constitutes the entire agreement and understanding of Appellant, Bobbie White and Appellee, Josephino Bencomo III and/or representatives, with respect to the transactions contemplated hereby, and supersedes all prior agreements, arrangements, and understandings related to the subject matter hereof, including but not limited to, the Lawsuit. No representations, warranties, recitals, covenants, or statements of intention have been made by, or on behalf of, any party hereto which is not embodied in this Settlement Agreement or in connection with the transactions contemplated hereby, and no party hereto shall be bound by, or liable for, any alleged representation, warranty, recital, covenant, or statement of intention not so set forth. All the terms, provisions, conditions, covenants, warranties, recitals, and statements of intention in this Settlement Agreement shall be binding upon, inure to the benefit of, and be enforceable by Appellant, Bobbie White and Appellee, Josephino Bencomo III, and/or their representatives.

## K.
## GOVERNING LAW

This Settlement Agreement shall be construed in accordance with the governing laws of the State of Texas. The obligations of the parties are performable, and venue for any legal action arising out of this Settlement Agreement shall lie in Williamson County, Texas.

## L.
## FULL UNDERSTANDING AND AGREEMENT

EACH RELEASING PERSON, ENTITY, OR PARTY WARRANTS THAT SUCH PARTY HAS READ THIS FULL AND FINAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE (INCLUDING EXHIBITS) AND FULLY UNDERSTANDS IT. EACH PARTY WARRANTS THAT SUCH PARTY IS OF LEGAL COMPETENCE OR LEGAL CAPACITY, AND IS FREE, WITHOUT DURESS, TO EXECUTE THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE, AND THAT SUCH PARTY HAS DONE SO OF FREE WILL AND ACCORD, WITHOUT RELIANCE ON ANY REPRESENTATION OF ANY KIND OR CHARACTER NOT EXPRESSLY SET FORTH HEREIN.

## M.
## EXECUTION AND EFFECTIVE DATE

This Settlement Agreement may be signed in counterparts, and each counterpart shall constitute an original. The parties hereto have executed this Full and Final Settlement Agreement and Mutual Release on the dates set forth opposite their names, to be effective as of October ___30___, 2015.

_____
Bobbie White,
Appellant

_____

Notary Public, State of Texas

TONY PITTS
My Commission Expires
June 09, 2018
NOTARY PUBLIC STATE OF TEXAS

_____

Josephino Bencomo III,
Appellee

_____

Notary Public, State of Texas

STATE OF TEXAS      )

COUNTY OF WILLIAMSON    )

On this ___30___ day of October, 2015, before me, the undersigned notary public, personally appeared Bobbie White, known to me to be the person whose name is subscribed to the within instrument and acknowledged that Bobbie White executed the same for the purposes therein contained.

TONY PITTS
My Commission Expires
June 09, 2018
NOTARY PUBLIC STATE OF TEXAS

_____

Notary Public, State of Texas

STATE OF TEXAS      )

COUNTY OF EL PASO     )

On this ___19th___ day of ~~October,~~ November 2015, before me, the undersigned notary public, personally appeared Josephino Bencomo III III, known to me to be the person whose name is subscribed to the within instrument and acknowledged that Josephino Bencomo III III executed the same for the purposes therein contained.

ROXANNA C. SCHWARZKOPF
My Commission Expires
May 02, 2016
NOTARY PUBLIC STATE OF TEXAS

_____

Notary Public, State of Texas

_____
BW

_____
JB